**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PAMELA A. MAHONEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br><br>Defendant. | C.A. No. 06-224S<br><br>**DEFENDANT VERIZON COMMUNICATION INC.'S MOTION FOR A STAY OF ALL PROCEEDINGS PENDING A RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

Defendant Verizon Communications Inc. respectfully moves for an order staying all proceedings in this action until after the Judicial Panel on Multidistrict Litigation rules on its motion to transfer and coordinate this action with 19 virtually identical actions that are pending in 14 federal district courts, as well as any "tag along" actions that may be filed. The grounds for this motion are fully set forth in the accompanying memorandum of law.

Dated: May 25, 2006

Respectfully submitted,

Howard A. Merten
Robert K. Taylor (6514)
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
Tel. (401) 861-8277
Fax (401) 861-8210

John A. Rogovin (*pro hac vice* application pending)
Samir Jain (*pro hac vice* application pending)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, D.C. 20006
Tel. (202) 663-6000
Fax (202) 663-6363

*Attorneys for Verizon Communications Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PAMELA A. MAHONEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br><br>Defendant. | C.A. No. 06-224S<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VERIZON COMMUNICATIONS INC.'S MOTION FOR A STAY OF ALL PROCEEDINGS PENDING A RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

Defendant Verizon Communications Inc. respectfully submits this Memorandum of Law in support of its Motion for a Stay of All Proceedings Pending a Ruling by the Judicial Panel on Multidistrict Litigation.

**PRELIMINARY STATEMENT**

The complaint in this case alleges that Defendant Verizon Communications Inc. disclosed plaintiffs' telephone and internet communications records to the government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of a nationwide class of subscribers of Defendants' telephone and communications services since September 11, 2001.

The complaint is part of a larger wave of litigation that has recently been filed against a number of telecommunications companies. Verizon Communications Inc., along with its subsidiaries and affiliates (collectively, "Verizon"), currently faces 10 lawsuits across the Nation seeking relief for Verizon's alleged participation in intelligence gathering activities allegedly carried out by the federal government, at the direction of the President, as part of the

government's post-September 11 program to prevent terrorist attacks.[1] In each complaint, plaintiffs allege that the government is conducting a domestic electronic surveillance program by arranging with telecommunication companies, such as Verizon, to gain access to the content of their subscribers' telephone calls and/or records concerning those calls. In each complaint, plaintiffs allege that, by cooperating with the government, Verizon violated federal law. In the majority of the complaints, the named plaintiff or plaintiffs seek to represent the same putative class of plaintiffs, namely all persons nationwide who were Verizon telecommunications subscribers or customers at any time after September 2001. The remainder seek to represent geographically defined subsets of those putative classes. Verizon has not yet answered or otherwise responded to any of the complaints.

These cases present multiple and overlapping plaintiff classes and common factual and legal claims, and it is likely that the federal government will intervene in each action and file a common dispositive motion.[2] As a result, on May 24, 2006, Verizon filed a motion, pursuant to 28 U.S.C. § 1407, before the Judicial Panel on Multidistrict Litigation ("Panel"), asking the

---

[1] As of the time of filing, the other actions pending against Verizon were the following: *Bissitt v. Verizon Communications, Inc.*, No. 1:06-cv-00220-T-LDA (D.R.I.); *Conner v. AT&T*, No. 1:06-CV-00632-AWI-DLB (E.D. Cal.); *Driscoll v. Verizon Communications, Inc.*, No. 1:06-cv-00916-RBW (D.D.C.); *Fuller v. Verizon Communications, Inc.*, No. 9:06-cv-00077-DWM (D. Mont.); *Herron v. Verizon Global Networks Inc.*, No. 2:06-cv-02491-JCZ-KWR (E.D. La.); *Hines v. Verizon Northwest, Inc.*, No. 9:06-cv-00694 (D. Or.); *Marck v. Verizon Communications, Inc.*, No. CV-06-2455 (E.D.N.Y.); *Mayer v. Verizon Communications, Inc.*, No. 1:06-cv-03650 (S.D.N.Y.); and *Solomon v. Verizon Communications Inc.*, No. 2:06-cv-02193-JCJ (E.D. Pa.).

[2] Because plaintiffs' claims concern the government's intelligence sources and methods, a threshold issue in each case will be whether and to what extent those claims are barred by the privilege that protects military and state secrets. Indeed, the U.S. Department of Justice has already asserted the state-secrets privilege on behalf of the federal government in another case concerning the government's alleged post-September 11 surveillance activities, *Hepting v. AT&T Corp.*, No. 06-0672 (N.D. Cal.).

Panel to take jurisdiction of these actions and transfer, consolidate, and coordinate them,[3] as well as similar actions pending against other telecommunications companies[4] and any future "tag along" actions that may be filed, in the U.S. District Court for the District of Columbia. *See* Defendants Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc.'s Motion for Transfer and Coordination Pursuant to 28 U.S.C. § 1407, *In re National Security Agency Litigation*, MDL Docket No. _________ (attached as Exhibit A).

Until the Panel rules on Verizon's Motion for Transfer and Coordination, this Court should stay all proceedings in this matter. There is no reason for the Court to review responsive pleadings, to begin motions practice, or to supervise any possible discovery before the Panel has had an opportunity to rule on Verizon's motion.[5] The plaintiffs will suffer no prejudice if a stay is granted. Accordingly, the Court should grant Verizon's motion and stay all proceedings in this action pending a ruling on Verizon's Motion for Transfer and Coordination.

**ARGUMENT**

This Court should issue a short stay of all proceedings until after the Panel has had an opportunity to rule on Verizon's Motion for Transfer and Coordination. A stay is warranted for

---

[3] Verizon became aware of one of the actions, *Solomon v. Verizon Communications Inc.*, No. 2:06-cv-02193-JCJ (E.D. Pa.), after it filed its transfer motion with the Panel, and intends to designate that case as a "tag along" action.

[4] Verizon has moved to transfer and coordinate the following actions to which it is not a party: *Dolberg v. AT&T Corp*, No. CV 06-78-M-DWM (D. Mont.); *Harrington v. AT&T, Inc.*, No. A06CA374-LY (W.D. Tex.); *Ludman v. AT&T Inc.*, No. 1:06-cv-00917-RBW (D.D.C.); *Mahoney v. AT&T Communications, Inc.*, No. 1:06-cv-00223-T-LDA (D.R.I.); *Schwarz v. AT&T Corp.*, No. 1:06-cv-02680 (N.D. Ill.); *Souder v. AT&T Corp.*, No. 06CV1058-DMS AJB (S.D. Cal.); *Trevino v. AT&T Corp.*, No. 2:06-cv-00209 (S.D. Tex.); *Terkel v. AT&T Inc.*, No. 06C-2837 (N.D. Ill.); *Phillips v. BellSouth Corp.*, No. 3:06-CV-00469 (D.D.C.); *Potter v. BellSouth Corp.*, No. 3 06-0469 (M.D. Tenn.); and *Hepting v. AT&T Corp.*, No. 06-0672 (N.D. Cal.).

[5] Verizon is seeking a similar stay in each of the matters in which it is a defendant.

the very reasons of judicial economy and efficiency that led Congress to enact 28 U.S.C. § 1407: "Deference to the [Panel] for resolution of [pretrial] matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system." *Calder v. A.O. Smith Corp.*, No. 04-1481, 2004 WL 1469370, at *1 (D. Minn. June 1, 2004) (citing Manual for Complex Litigation § 31.131, at 252 (3d ed. 2000)); *see also Scott v. Bayer Corp.*, No. 03-2888, 2004 WL 63978, at *1 (E.D. La. Jan. 12, 2004). Accordingly, courts routinely grant a stay of proceedings pending a decision by the Panel regarding whether to transfer a case. *See, e.g., Gorea v. Gillette Co.*, No. 05-2425, 2005 WL 2373440, at *1 (W.D. Tenn. Sept. 26, 2005); *Hertz v. The Gator Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003); *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 512 (D. Md. 2002); *Aikins v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391, at *1-2 (E.D. La. March 24, 2000); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).[6]

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936). When considering a motion to stay, the Court should consider three factors: (1) conservation of judicial resources, (2) the burden and inequity to the moving party if a stay is

---

[6] *See also, e.g., Hookfin v. Novartis Pharmaceuticals Corp.*, No. 02-742, 2002 WL 987369, at *1-*2 (E.D. La. May 13, 2002); *Selico v. Waterman Steamship Co.*, No. 99-386, 1999 WL 172958, at *2 (E.D. La. Mar. 26, 1999); *Johnson v. AMR Corp.*, Nos. 95 C 7659, 95 C 7664, 1996 WL 164415, at *4 (N.D. Ill. Apr. 3, 1996); *American Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725, at *1-*2 (D.N.J. Feb. 1, 1991); *Rosenfeld v. Hartford Fire Ins. Co.*, No. 88 CIV 2252, 1988 WL 49065, at *1-*2 (S.D.N.Y. May 12, 1988); *Portnoy v. Zenith Labs.*, No. 86-3512, 1987 WL 10236, at *1 (D.D.C. Apr. 21, 1987).

not granted, and (3) potential prejudice to the non-moving party. *See, e.g.*, *Aikins*, 2000 WL 310391, at *1; *Rivers*, 980 F. Supp. at 1360. Each factor warrants granting a stay in this case.

**I. A Stay Will Avoid Duplicative Proceedings and Conserve This Court's Resources.**

Entering a short stay until the Panel issues its order on transfer and consolidation would unquestionably serve the interests of judicial efficiency and economy. The Panel was "established by Congress specifically to ameliorate . . . duplicative litigation and . . . valuable waste of judicial resources." *Johnson v. AMR Corp.*, Nos. 95 C 7659 *et al.*, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996); *see* 28 U.S.C. §1407 (transfer and consolidation is warranted to "promote the just and efficient conduct" of actions raising common questions of fact). In the absence of a stay, these benefits of multidistrict litigation would be lost. *See, e.g.*, *Hertz Corp.*, 250 F. Supp. 2d at 428. It would be a waste of judicial resources for this Court to "needlessly expend[] its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360. In addition, the judge assigned to handle the consolidated actions will most likely have to replicate any efforts this Court may expend on case management. *See id.* at 1361. And finally, were this Court to devote its time and resources to considering substantive motions such as motions to dismiss, "there are no guarantees that an order by this Court would not later be vacated" and that this Court's efforts will have been in vain. *Id.* "In other words, . . . the time and energy that this Court would devote to any rulings . . . could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders." *Id.*

Because this case concerns matters of national security, it is particularly critical that pretrial proceedings progress efficiently and without unnecessary duplication of effort. Plaintiffs in this case seek to challenge alleged intelligence-gathering activities undertaken by the U.S.

government as part of its program to prevent future terrorist attacks. It is likely that the U.S. government will act in this lawsuit, as it has in *Hepting*, to seek dismissal of plaintiffs' suit on the ground that it is barred by the military and state secrets privilege. *See* Motion to Dismiss or, in the Alternative, for Summary Judgment by the United States of America, *Hepting v. AT&T Corp.*, No. 06-0672 (N.D. Cal. filed May 13, 2006). Thus, the first question to be answered in this litigation likely will be whether the state-secrets privilege applies—that is, whether there is a "reasonable danger" that the national security would be impaired if this lawsuit were to proceed. *United States v. Reynolds*, 345 U.S. 1, 10 (1953) (the state-secrets privilege permits the government to withhold information which, if disclosed, would jeopardize the national security); *see Ellsberg v. Mitchell*, 709 F.2d 51, 57 (D.C. Cir. 1983) (the state-secrets privilege protects against, among other things, "disclosure of intelligence-gathering methods or capabilities"); *see also, e.g.*, *Sterling v. Tenet*, 416 F.3d 338, 342-45 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 1052 (2006); *Kasza v. Browner*, 133 F.3d 1159, 1165-66 (9th Cir. 1998); *Zuckerbraun v. General Dynamics Corp.*, 935 F.2d 544, 546-47 (2d Cir. 1991); *El-Masri v. Tenet*, No. 1:05-cv-1417, slip op. at 7-8 (E.D. Va. May 12, 2006).

While courts are often satisfied that the privilege applies based simply on consideration of the circumstances of the case, it is sometimes necessary for courts to ask for a more complete explanation of the harms the government seeks to avoid. *Reynolds*, 345 U.S. at 9. But in no event should the court "forc[e] a disclosure of the very thing that the privilege is designed to protect." *Id.* at 8. Thus courts often engage in *in camera*, *ex parte* review of the government's explanations, as well as any other necessary documentation that may itself contain sensitive information. *See, e.g.*, *Ellsberg*, 709 F.2d at 63-64; *N.S.N. Int'l Indus. v. E.I. DuPont de Nemours & Co.*, 140 F.R.D. 275, 276 (S.D.N.Y. 1991). But even *in camera*, *ex parte* review

runs a significant risk of unwarranted disclosure because, *inter alia*, many courts may not have the necessary secure facilities to store classified information, requiring the government to transport classified materials to and from the court. *Reynolds*, 345 U.S. at 10 (noting that any "examination of the evidence, even by the judge alone, in chambers" may "jeopardize the security which the privilege is meant to protect"); *see also Sterling*, 416 F.3d at 344; *Clift v. United States*, 597 F.2d 826, 829 (2d Cir. 1979). If every court in which similar suits have been filed attempted to engage in an independent state-secrets inquiry, the risk would be dramatically—and unjustifiably—multiplied.

Accordingly, considerations of judicial economy, coupled with the uniquely sensitive nature of the pretrial proceedings in this case, strongly favor granting a stay.

## II. Verizon Will Be Unfairly Prejudiced If a Stay Is Not Granted.

Verizon will be unduly and needlessly burdened if it is forced to file motions to dismiss, respond to any potential discovery, and reply to class certification and other motions separately in each of the many putative class actions now pending against it. *See, e.g., Aikins*, 2000 WL 310391, at *1 ("[Defendant] would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts."); *Hertz Corp.*, 250 F. Supp. 2d at 427 ("The Court recognizes the heavy financial burden on [Defendant] borne by having to defend [itself] in multiple fora."); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) ("The Court notes that the parties and issues of fact are

common in all of the actions and that if separate discovery were to go forward, much work would be duplicated.").[7]

In addition to the undue burden of litigating similar issues in multiple courts, Verizon would quite possibly face the burden of dealing with inconsistent and potentially contradictory rulings. *See Aikins*, 2000 WL 310391, at *1; *see also Hertz Corp.*, 250 F. Supp. 2d at 427 ("[Defendant] potentially would have conflicting decisions by this Court and the transferee court, . . . thereby decreasing a primary benefit of consolidation, namely consistent rulings on important pretrial legal issues."). Staying the proceedings will minimize the risk of inconsistent rulings and, consequently, the prejudice to Verizon. *See Scott*, 2004 WL 63978, at *2; *see also In re TransOcean Tender Offer Secs. Litig.*, 415 F. Supp. 382, 384 (J.P.M.L. 1976) ("[T]he likelihood of motions for . . . dismissal [or] summary judgment in [multiple] actions . . . makes Section 1407 treatment . . . necessary to prevent conflicting pretrial rulings and conserve judicial effort."); *American Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").

---

[7] *See also, e.g.*, *Rosenfeld*, 1988 WL 49065, at *1 ("If these cases are not stayed, the defendants certainly would be required to duplicate much work."); *Portnoy*, 1987 WL 10236, at *1 ("The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pre-trial tasks."); *In re IDT Corp. Calling Card Terms Litig.*, 278 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003) (centralization is "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary").

**III. Plaintiffs Will Not Be Prejudiced by a Stay.**

Plaintiffs will not be prejudiced by a stay of this nascent lawsuit. Verizon has not yet answered or otherwise responded to the complaint in this case or any of the other complaints that have been filed against it. No motions have been filed, and certainly no discovery has begun. And "[b]arring unusual circumstances, the MDL Panel will decide the motion in a relatively short period of time." *Hertz Corp.*, 250 F. Supp. 2d at 425; *see also Portnoy*, 1987 WL 10236, at *1 ("The Court also finds that the delay that will result from this stay will be minimal."). In contrast to the burden that Verizon will bear if it is forced to litigate similar issues in multiple courts, and the waste of this Court's resources that will result if the Panel later transfers this case to another court, a brief delay in starting this litigation will result in no prejudice to plaintiffs. *See Aikins*, 2000 WL 310391, at *1 ("Plaintiffs have failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision.").[8] Indeed, "[w]hile they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost." *Rosenfeld v. Hartford Fire Ins. Co.*, No. 88 CIV 2252, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988).

**CONCLUSION**

For the reasons set forth above, this Court should grant Defendant Verizon Communications Inc.'s Motion for a Stay of All Proceedings Pending a Ruling by the Judicial Panel on Multidistrict Litigation.

---

[8] *Hookfin*, 2002 WL 987369, at *1 (rejecting argument that stay will delay matter and cause plaintiff unnecessary expense); *Arthur-Magna, Inc.*, 1991 WL 13725, at *1 ("[T]he Court does not find that the balance of hardship weighs in favor of plaintiff[.]").

Respectfully submitted,

Dated: May 25, 2006

Howard A. Merten
Robert K. Taylor (6514)
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
Tel. (401) 861-8277
Fax (401) 861-8210

John A. Rogovin (*pro hac vice* application pending)
Samir Jain (*pro hac vice* application pending)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, D.C. 20006
Tel. (202) 663-6000
Fax (202) 663-6363

*Attorneys for Verizon Communications Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VERIZON COMMUNICATIONS INC.'S MOTION FOR A STAY OF ALL PROCEEDINGS PENDING A RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION was sent by Federal Express on this 25th day of May, 2006 to:

Peter N. Wasylyk, Esq.
LAW OFFICES OF PETER N. WASYLK
1307 Chalkstone Avenue
Providence, RI 02903

Gary E. Mason, Esq.
THE MASON LAW FIRM, P.C.
1225 19th Street, NW
Suite 500
Washington,DC 20038

Alexander E. Barnett, Esq.
THE MASON LAW FIRM, P.C.
One Pennsylvania Plaza
Suite 4632
New York, NY 10019

Andrew Kierstead, Esq.
LAW OFFICES OF ANDREW KIERSTEAD
1001 S.W. 5th Avenue, Suite 1100
Portland, OR 97204

Marc R. Staneley, Esq.
Roger L. Mandel, Esq.
Martin Woodward, Esq.
STANLEY, MANDEL & IOLA, LLP
3100 Monticello Avenue, Suite 750
Dallas, TX 75205

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PAMELA A. MAHONEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC.,<br><br>Defendant. | C.A. No. 06-224S<br><br>**[Proposed] ORDER** |

Having considered the Motion of Defendant Verizon Communications Inc. for a stay of all proceedings until after a ruling by the Judicial Panel on Multidistrict Litigation ("Panel"), and finding that there is good and sufficient cause supporting the relief requested in the Motion, it is hereby

**ORDERED** that Verizon Communications Inc. need not answer or otherwise respond to the present complaint in the above-captioned action until 30 days after the Panel rules on Verizon Communications Inc.'s Motion for Transfer and Coordination in *In re National Security Agency Litigation*, MDL Docket No. ______, and it is

**FURTHER ORDERED** that all proceedings in this matter are hereby stayed. The parties shall promptly notify the Court after the Panel issues its ruling.

DATED ___________________, 2006.

______________________________
United States District Judge