RECEIVED
CLERK'S OFFICE

2006 MAY 24 P 3:08

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY LITIGATION | MDL Docket No. ____ |

**DEFENDANTS VERIZON COMMUNICATIONS INC., VERIZON GLOBAL NETWORKS INC., AND VERIZON NORTHWEST INC.'S MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C. § 1407**

Defendants Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc. (collectively "Verizon") hereby respectfully move the Judicial Panel on Multidistrict Litigation for an order: (a) transferring 20 virtually identical purported class actions (pending before 14 different federal district courts) to a single district court; and (b) coordinating those actions for pretrial proceedings pursuant to 28 U.S.C. § 1407. A list of the 20 pending actions, 19 of which have been filed in the last two weeks, is attached hereto as Verizon's Schedule of National Security Agency Actions for Transfer and Coordination.

In support of the transfer and coordination of these actions, the movants aver the following, as more fully set forth in the accompanying supporting memorandum:

1. The actions for which transfer and coordination is proposed allege participation by Verizon in a Government program to intercept and analyze domestic telephone and Internet

communications as reported in a U.S.A. Today article published on May 11, 2006. All save one of these actions have been filed within two weeks since that article was published. Plaintiffs in each case claim that Verizon and other telecommunication company defendants assisted the Government in its intelligence efforts by providing the Government, at the request of the National Security Agency, with information concerning their customers' telephone and internet communications and detailed records of their customers' telephone calls. All but one of the proposed classes seek relief under the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.* Most of the cases propose nationwide classes comprising all of Verizon's or other providers' subscribing customers; five cases propose regional classes or classes without precise definition.

2. As required by 28 U.S.C. § 1407(a), the cases proposed for transfer and coordination "involv[e] one or more common questions of fact" inasmuch as they are premised on identical factual allegations, contending that Verizon disclosed records pertaining to plaintiffs' use of Verizon's telecommunications services to the National Security Agency, that Verizon disclosed the records without the knowledge or consent of its customers, and that it did so without authorization or a warrant.[1]

3. In multiple respects, the proposed transfer and coordination "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of the actions. 28 U.S.C. § 1407(a).

---

[1] By asserting that the Section 1407 standard has been satisfied to warrant multidistrict transfer, movants do not address whether or concede that the requirements for class certification, including, but not limited to, the commonality and/or the predominance requirements, have been met. The Section 1407 inquiry is distinct from analysis of the class certification criteria, and is applied by courts with different purposes in mind. As the Manual for Complex Litigation makes clear, one of the main objectives of a multidistrict transfer is pretrial administrative efficiency. *See* MANUAL FOR COMPLEX LITIGATION § 10.1 (4th ed. 2004). Whether the case should be certified as a class action and proceed to trial on that basis is a different inquiry altogether. For purposes of this motion, movants demonstrate only that the actions should be coordinated for Section 1407 purposes.

4. For example, coordination of the actions before a single court will eliminate duplicative discovery activity (particularly multiple depositions of the same witnesses) and concomitantly minimize the potential disclosure of classified information, prevent duplicative and conflicting pretrial rulings, conserve judicial resources, reduce the costs of litigation, and allow the cases to proceed more efficiently to trial. Coordination will also protect unique national security interests that will color discovery in this action.

5. Defendants respectfully suggest that the U.S. District Court for the District of Columbia would be an appropriate transferee forum. Three related cases – *Driscoll v. Verizon Communications, Inc.*, No. 06-cv-916, *Ludman v. AT&T Inc.*, No. 06-cv-917, and *Phillips v. BellSouth Corp.*, 06-cv-918 – are pending before that Court, and the forum would be a convenient one for counsel and for the defendants. Moreover, the U.S. District Court for the District of Columbia has fewer cases pending before it than any other federal courts in which a National Security Agency case is currently pending save one and has substantial expertise in dealing with the national-security and state-secrets issues inherent in these cases.

6. This Motion is based on the Brief in Support of this Motion to Transfer and Coordinate filed by Verizon, the pleadings and papers on file herein, and such other matters as may be presented to the Panel at the time of hearing.

Dated: May 24, 2006

Respectfully submitted,

John H. Beisner
Brian D. Boyle
Thomas E. Donilon
Matthew M. Shors
O'MELVENY AND MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300 (phone)
(202) 383-5414 (fax)

John A. Rogovin /dj/m
John A. Rogovin
Randolph D. Moss
Samir Jain
Brian Boynton
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)

*Attorneys for Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc.*

RECEIVED
CLERK'S OFFICE

2006 MAY 24 P 3:08

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE NATIONAL SECURITY AGENCY LITIGATION | ) | MDL Docket No. ____ |

**MEMORANDUM IN SUPPORT OF DEFENDANTS VERIZON COMMUNICATIONS INC., VERIZON GLOBAL NETWORKS INC., AND VERIZON NORTHWEST INC.'S MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 7.1(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc. – collectively "Verizon" – seek transfer and pretrial coordination of 20 class action lawsuits filed against Verizon and other defendants, the majority of which seek nationwide class certification and were filed within the past two weeks on the basis of the same factual allegations.[1] A multidistrict litigation ("MDL") proceeding is warranted because all of the statutory criteria for transfer and coordination are present.

---

[1] The cases in which Verizon is a named defendant are *Bissitt v. Verizon Communications, Inc.*, No. 1:06-cv-00220-T-LDA (D.R.I.); *Conner v. AT&T*, No. 06-0225 (E.D. Cal.) *Driscoll v. Verizon Communications, Inc.*, No. 1:06-cv-00916-RBW (D.D.C.); *Fuller v. Verizon Communications, Inc.*, No. 9:06-cv-00077-DWM (D. Mont.); *Herron v. Verizon Global Networks, Inc.*, No. 2:06-cv-02491-JCZ-KWR (E.D. La.); *Hines v. Verizon Northwest, Inc.*, No. 9:06-cv-00694 (D. Or.); *Mahoney v. Verizon Communications, Inc.*, No. 1:06-cv-00224-S-LDA (D.R.I.); *Marck v. Verizon Communications, Inc.*, No. CV-06-2455 (E.D.N.Y.); *Mayer v. Verizon Communications, Inc.*, No. 1:06-cv-03650 (S.D.N.Y.). Verizon may notify the Panel of and move to transfer cases in which it is not a party if otherwise appropriate under 28 U.S.C. § 1407. *In re Cable Tie Patent Litigation*, 487 F. Supp. 1351, 1353 n.3 (J.P.M.L. 1980). Those other cases are *Dolberg v. AT&T Corp*, No. CV 06-78-M-DWM (D. Mont.); *Harrington v.*

***First,*** the core allegations underlying each of these purported class actions are common. All plaintiffs allege that, following the terrorist attacks on the United States on September 11, 2001, Verizon and other telecommunications companies cooperated in a Government program that involved providing the National Security Agency ("NSA") with access to the content of their subscribers' telephone calls and/or records concerning those calls. Indeed, all but one of the lawsuits were clearly prompted by the same article appearing in the *USA Today* on May 11, 2006.

***Second,*** not only are the factual allegations underlying these complaints common, so too are the causes of action asserted. Each complaint alleges that the defendants violated one or more federal statutes concerning electronic surveillance and similar activities. Coordinated proceedings are warranted to benefit the parties and the federal courts alike, and to eliminate the possibility of inconsistent pretrial rulings.

***Third,*** the proposed class definitions overlap substantially. The majority of the complaints seek certification of nationwide classes of telephone customers, while the remainder seek to certify geographically defined subsets of those putative classes. Absent centralization, multiple federal judges will be required to decide the same issues with respect to the same plaintiffs and the same defendants.

***Fourth,*** the United States is likely to intervene in and seek dismissal of these cases – as it already has in the one and only case filed prior to the May 11, 2006 article in the *USA Today* – in order to assert its "state secret" privilege and prevent any disclosure of highly classified

---

*AT&T, Inc.*, No. A06CA374-LY (W.D. Tex.); *Ludman v. AT&T Inc.*, No. 1:06-cv-00917-RBW (D.D.C.); *Mahoney v. AT&T Communications, Inc.*, No. 1:06-cv-00223-T-LDA (D.R.I.); *Schwarz v. AT&T Corp.*, No. 1:06-cv-02680 (N.D. Ill.); *Souder v. AT&T, Corp.*, No. 06CV1058-DMS AJB (S.D. Cal.); *Trevino v. AT&T Corp.*, No. 2:06-cv-00209 (S.D. Tex.); *Terkel v. AT&T Inc.*, No. 06C-2837 (N.D. Ill.); *Phillips v. BellSouth Corp.*, No. 3:06-CV-00469 (D.D.C.); *Potter v. BellSouth Corp.*, No. 3 06-0469 (M.D. Tenn.); *Hepting v. AT&T Corp.*, No. 06-0672 (N.D. Cal.). All complaints are attached hereto at Tab A.

information critical to both the plaintiffs' and defendants' cases.[2] There is no reason to require litigation involving important matters of national security to remain pending in various courts around the country.

For these reasons, these complaints present ***the*** classic case for transfer and coordination: (i) they "involv[e] one or more common questions of fact"; (ii) transfer will further "the convenience of the parties and witnesses"; and (iii) transfer "will promote the just and efficient conduct of [the] actions by" reducing the risk of inconsistent rulings on critical pretrial matters affecting national security and the national telecommunications network, avoiding duplicative proceedings, and ensuring centralized oversight of any pretrial fact development.

Verizon respectfully submits that these cases are especially appropriate for transfer to the United States District Court for the District of Columbia. Three constituent actions are already pending there, and the District of Columbia District Court and the United States Court of Appeals for the District of Columbia Circuit both have significant experience in handling cases involving national security. Any Government witnesses and documents will likely be located in or near the District of Columbia. Similarly, classified information that may require *in camera* inspection can be maintained in highly secured locations in the District of Columbia – a factor that few other venues can offer. Finally, the case-load of the District of Columbia renders that Court more than capable of taking on this MDL proceeding.

**Background**

These cases concern an alleged national security program involving the collection and analysis of telephone and Internet communications."[3] There is little doubt that they share

---

2 *See* Notice of Motion and Motion to Dismiss or, in the Alternative, for Summary Judgment by the United States of America, *Hepting*, 3:06-CV-0672-VRW (D.D.C., filed May 13, 2006), attached hereto at Tab B.

3 *See, e.g., Driscoll* Compl. ¶ 1.

"common" factual underpinnings. Nineteen of the 20 cases Verizon seeks to transfer and coordinate have been filed since May 11, 2006, when the *USA Today* reported that the National Security Agency ("NSA") was allegedly engaged in a classified program to amass a database including information about the calling records of millions of Americans. The article claimed that the NSA sought the help of telecommunications companies in the Government's efforts to identify terrorists both inside and outside the United States. According to the article, Verizon, AT&T Corp. ("AT&T"), and BellSouth Corp. ("BellSouth") all agreed to assist the Government in its efforts by providing the NSA with the call records of many of its customers.

Literally the next day, six complaints were filed against Verizon and other defendants. And in the eleven days since then, 13 additional complaints have been filed. All told, the following 20 putative class action complaints are now pending in various district courts:

- *Bissitt v. Verizon Communications, Inc.*, No. 1:06-cv-00220-T-LDA (D.R.I., filed May 15, 2006), was filed in the District of Rhode Island against Verizon Communications Inc. and BellSouth Corp. The complaint alleges that defendants disclosed plaintiffs' telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act and the First and Fourth Amendments on behalf of all subscribers of defendants' telephonic and/or communications services since September 2001.
- *Driscoll v. Verizon Communications, Inc.*, No. 1:06-cv-00916-RBW (D.D.C., filed May 15, 2006), was filed in the District of Columbia against Verizon Communications Inc. The complaint alleges that Verizon disclosed plaintiffs' telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all subscribers of Verizon's telephone and internet services since September 2001.
- *Fuller v. Verizon Communications, Inc.*, No. 9:06-cv-00077-DWM (D. Mont., filed May 12, 2006), was filed in the District of Montana against Verizon Communications Inc. and Verizon Wireless, L.L.C. The complaint alleges that the defendants disclosed plaintiff's telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all subscribers of defendants' telephone and internet services since September 2001.
- *Herron v. Verizon Global Networks, Inc.*, No. 2:06-cv-02491-JCZ-KWR (E.D. La., filed May 12, 2006), was filed in the Eastern District of Louisiana against Verizon Global Networks Inc., AT&T Corp., American Telephone and Telegraph Company,

BellSouth Communication Systems, LLC, and BellSouth Telecommunications, Inc. The complaint alleges that defendants disclosed plaintiffs' telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all persons and other entities whose phone records have allegedly been disclosed by defendants to the NSA.

- *Hines v. Verizon Northwest, Inc.*, No. 9:06-cv-00694 (D. Or., filed May 12, 2006), was filed in the District of Oregon against Verizon Northwest Inc. The complaint alleges that Verizon disclosed plaintiffs' telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all persons within Oregon, Washington, Idaho, and California who subscribed to Verizon's electronic communication services since September 11, 2001.
- *Mahoney v. Verizon Communications, Inc.*, No. 1:06-cv-00224-S-LDA (D.R.I., filed May 15, 2006), was filed in the District of Rhode Island against Verizon Communications Inc. The complaint alleges that Verizon disclosed plaintiff's telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all subscribers of Verizon's telephone and internet services since September 2001.
- *Marck v. Verizon Communications, Inc.*, No. CV-06-2455 (E.D.N.Y., filed May 19, 2006), was filed in the Eastern District of New York against Verizon Communications Inc. The complaint alleges that Verizon disclosed plaintiffs' telephone communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act and the First and Fourth Amendments on behalf of all subscribers of Verizon's telephone and internet services since September 11, 2001. The complaint also asserts violations of New York's consumer protection statute on behalf of a sub-class of all New York resident subscribers of Verizon services since September 11, 2001.
- *Mayer v. Verizon Communications, Inc.*, No. 1:06-cv-03650 (S.D.N.Y., filed May 12, 2006), was filed in the Southern District of New York against Verizon Communications Inc. The complaint alleges that Verizon disclosed plaintiffs' telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act and the First and Fourth Amendments on behalf of all, though possibly only New Jersey, subscribers of Verizon's telephone and internet services since September 2001.
- *Conner v. AT&T*, No. 06-0225 (E.D. Cal., removed May 23, 2006), was filed in the Superior Court of California, and later removed to the Eastern District of California, against AT&T, BellSouth, and Verizon. The complaint alleges that defendants disclosed plaintiffs' telephone communications records to the Government. The complaint asserts violations of the Communications Act and common law invasion of privacy on behalf of all California-resident subscribers of defendants' whose information has allegedly been disclosed or sold to the Government.
- *Dolberg v. AT&T Corp*, No. CV 06-78-M-DWM (D. Mont., filed May 15, 2006), was filed in the District of Montana against AT&T Corp. and AT&T Inc. The complaint alleges that defendants disclosed plaintiff's telephone communications records to the

Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all subscribers of AT&T since September 2001.

- *Harrington v. AT&T, Inc.*, No. A06CA374-LY (W.D. Tex., filed May 18, 2006), was filed in the Western District of Texas against AT&T Inc. The complaint alleges that AT&T disclosed plaintiff's telephone communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all Texas-resident subscribers of defendants' whose information has been disclosed to the Government.
- *Ludman v. AT&T Inc.*, No. 1:06-cv-00917-RBW (D.D.C., filed May 15, 2006), was filed in the District of Columbia against AT&T, Inc. The complaint alleges that AT&T disclosed plaintiff's telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all subscribers of AT&T telephone and internet services since September 2001.
- *Mahoney v. AT&T Communications, Inc.*, No. 1:06-cv-00223-T-LDA (D.R.I., filed May 15, 2006), was filed in the District of Rhode Island against AT&T Communications, Inc. The complaint alleges that AT&T disclosed plaintiff's telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all subscribers of AT&T's telephone and internet services since September 2001.
- *Schwarz v. AT&T Corp.*, No. 1:06-cv-02680 (N.D. Ill., filed May 15, 2006), was filed in the Northern District of Illinois against AT&T. The complaint alleges that AT&T disclosed plaintiffs' telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act and the First and Fourth Amendments on behalf of all subscribers of AT&T's telephone and internet services since September 2001.
- *Souder v. AT&T, Corp.*, No. 06CV1058-DMS AJB (S.D. Cal., filed May 12, 2006), was filed in the Southern District of California against AT&T Corp. and AT&T Inc. The complaint alleges that AT&T disclosed plaintiff's telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all subscribers of AT&T's telephone and internet services since September 2001.
- *Trevino v. AT&T Corp.*, No. 2:06-cv-00209 (S.D. Tex., filed May 17, 2006), was filed in the Southern District of Texas against AT&T Corp. and AT&T Inc. The complaint alleges that AT&T disclosed plaintiff's telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all subscribers of AT&T's telephone and internet services since September 2001.
- *Terkel v. AT&T Inc.*, No. 06C-2837 (N.D. Ill., filed May 22, 2006) was filed in the Northern District of Illinois against AT&T Inc. The complaint alleges that AT&T disclosed plaintiffs' telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all Illinois-resident subscribers of AT&T's electronic and computing services.

- *Phillips v. BellSouth Corp.*, No. 3:06-CV-00469 (D.D.C., filed May 15, 2006), was filed in the District of Columbia against BellSouth Corp. The complaint alleges that BellSouth disclosed plaintiffs' telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all subscribers of BellSouth's telephone and internet services since September 2001.
- *Potter v. BellSouth Corp.*, No. 3 06-0469 (M.D. Tenn., filed May 15, 2006), was filed in the Middle District of Tennessee against BellSouth Corp. The complaint alleges that BellSouth disclosed plaintiffs' telephone and internet communications records to the Government. The complaint asserts violations of the Electronic Communications Privacy Act on behalf of all subscribers of BellSouth's remote computing or electronic communication services since September 2001.
- *Hepting v. AT&T Corp.*, No. 06-0672 (N.D. Cal., filed Jan. 31, 2006), like the cases identified above, challenges telecommunications companies' alleged cooperation with Government intelligence collection programs. The *Hepting* complaint involves the alleged disclosure of the *content* of international telephone calls. In *Hepting*, the United States filed a statement of interest, moved to intervene, and filed a motion to dismiss or for summary judgment on the grounds that the "state secrets" privilege bars the prosecution of this civil action.

## Argument

## I. THESE ACTIONS ARE APPROPRIATE FOR TRANSFER AND PRETRIAL COORDINATION UNDER 28 U.S.C. § 1407.

28 U.S.C. § 1407(a) provides that this Panel may transfer for pretrial coordination two or more civil cases upon a determination (a) that the cases "involve[] one or more common questions of fact," (b) that the transfers would further "the convenience of the parties and witnesses," and (c) that the transfers "will promote the just and efficient conduct of [the] actions." *Id.* As explained below, the cases listed in defendants' Schedule of Actions clearly meet these criteria and should be transferred for coordinated pretrial proceedings.

### A. There are Unique Reasons To Centralize These Cases.

As discussed below, these cases meet all the traditional requirements of Section 1407. But there are also unique and critical aspects of these cases which independently (and strongly) support their pretrial transfer and coordination. These cases are not standard commercial, products liability, or securities actions, but rather involve issues of vital national security and the

handling of classified information. Allowing this litigation to go forward in multiple venues simply increases the likelihood that classified information might inadvertently be compromised. *See* National Security Agency Act, 50 U.S.C. § 402; *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953); *Ellsberg v. Mitchell*, 709 F.2d 51, 57 (1983), *cert. denied sub nom. Russo v. Mitchell*, 465 U.S. 1038 (1984). Even assuming that each court decides to review the same sensitive evidence *in camera* and *ex parte*, such review still carries grave risks, including the risks associated with transporting classified information to multiple venues across the country. As one court has recognized,

> It is not to slight judges, lawyers or anyone else to suggest that [even *in camera, ex parte* review] disclosure carries with it serious risk that highly sensitive information may be compromised. In our own chambers, we are ill equipped to provide the kind of security highly sensitive information should have.

*Clift v. United States*, 597 F.2d 826, 829 (2d Cir. 1979) (quoting *Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1369 (4th Cir.), *cert. denied*, 421 U.S. 992 (1975)). These security concerns will be reduced if the litigation is conducted in one forum.

**B. These Actions Involve One Or More Common Questions Of Fact.**

**1. The Cases Involve the Same or Similar Facts and Theories of Recovery.**

The actions at issue clearly meet the first requirement of § 1407(a). The factual allegations underlying each of the purported class actions are essentially identical. All of the complaints generally allege that, starting in late 2001, the defendants disclosed records pertaining to plaintiffs' use of telecommunications services to the National Security Agency.[4] They further

[4] (*See, e.g., Bissitt* Compl. ¶ 2; *Conner* Compl. ¶ 1; *Driscoll* Compl. ¶¶ 2-5; *Fuller* Compl. ¶¶ 3-6; *Herron* Compl. ¶ 4; *Hines* Compl. ¶¶ 11-12; *Mahoney v. Verizon* Compl. ¶¶ 2-5; *Mahoney v. AT&T* Compl. ¶¶ 2-5; *Marck* Compl. ¶ 6; *Mayer* Compl. ¶¶ 7-8; *see also Dolberg* Compl. ¶¶ 3-6; *Harrington* Compl. ¶ 1; *Ludman* Compl. ¶¶ 2-5; *Phillips* Compl. ¶¶ 2-5; *Potter* Compl. ¶ 7; *Schwarz* Compl. ¶¶ 3-6; *Souder* Compl. ¶¶ 2-5; *Trevino* Compl. ¶¶ 2-4; *Terkel* Compl. ¶ 2.)

allege that the defendants disclosed these records without Plaintiffs' knowledge or consent.[5] And, at bottom, all of the complaints except *Hepting* purport to be based on the May 11, 2006 *USA Today* article described above. "Common" factual allegations thus exist across these cases.

The claims for relief are also similar. All but one of the complaints (*Conner*) asserts that the defendants violated the Electronic Communications Privacy Act, 18 U.S.C. § 2701, *et seq.*[6] In fact, many of the complaints are "copycat" putative class actions that are in all material respects identical save for the identity of the named plaintiffs and the district courts in which they were filed. The *Driscoll*, *Fuller*, and *Mahoney* complaints against Verizon, for example, offer virtually identical allegations,[7] propose the same putative class,[8] and assert the same causes of action.[9]

The Panel has long recognized that class actions asserting such similar claims based on such similar underlying factual allegations are particularly well suited for coordination pursuant to § 1407. *See, e.g., In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, No. 1393, 2001 WL 253115 (J.P.M.L. Feb. 23, 2001) (transfer ordered where "[a]ll actions involve allegations relating to Cooper's tire design and its manufacturing process"); *In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.*, Docket No. 1396, 2001 U.S. Dist. LEXIS 5226, at *2-3

---

[5] (*See Bissitt* Compl. ¶ 33; *Conner* Compl. ¶ 6; *Driscoll* Compl. ¶¶ 46, 53; *Fuller* Compl. ¶¶ 45, 52; *Herron* Compl. ¶ 4 (disclosure "without proper authorization"); *Hines* Compl. ¶ 12; *Mahoney v. Verizon* Compl. ¶¶ 44, 51; *Mahoney v. AT&T* Compl. ¶¶ 44, 51; *Marck* Compl. ¶ 3; *Mayer* Compl. ¶ 13; *see also Dolberg* Compl. ¶¶ 45, 52; *Harrington* Compl. ¶¶ 3-4; *Ludman* Compl. ¶¶ 44, 51; *Phillips* Compl. ¶¶ 44, 51; *Potter* Compl. ¶¶ 6-7; *Schwarz* Compl. ¶¶ 122-29; *Souder* Compl. ¶¶ 45, 52; *Trevino* Compl. ¶ 54; *Terkel* Compl. ¶ 24.)

[6] (*See Bissitt* Compl. ¶¶ 29-43; *Driscoll* Compl. ¶¶ 43-56; *Fuller* Compl. ¶¶ 42-55; *Herron* Compl. ¶ 7; *Hines* Compl. ¶¶ 15-17; *Mahoney v. Verizon* Compl. ¶¶ 41-54; *Mayer* Compl. ¶¶ 18-31; *Dolberg* Compl. ¶¶ 42-55; *Harrington* Compl ¶¶ 26-28; *Ludman* Compl. ¶¶ 41-54; *Mahoney v. AT&T* Compl. ¶¶ 41-54; *Phillips* Compl. ¶¶ 41-54; *Potter* Compl. ¶ 1; *Schwarz* Compl. ¶¶ 119-32; *Souder* Compl. ¶¶ 42-55; *Trevino* Compl. ¶¶ 51-57; *Terkel* Compl. ¶¶ 29-32.)

[7] (*See Driscoll* Compl. ¶¶16-32, *Fuller* Compl. ¶¶ 15-31; *Mahoney v. Verizon* Compl. ¶¶ 14-30; *Mahoney v. AT&T* Compl. ¶¶ 14-30.)

[8] (*See Driscoll* Compl. ¶ 33, *Fuller* Compl. ¶ 32; *Mahoney v. Verizon* Compl. ¶ 31; *Mahoney v. AT&T* Compl. ¶ 31.)

[9] (*See Driscoll* Compl. ¶¶ 43-56; *Fuller* Compl. ¶¶ 42-55; *Mahoney v. Verizon* Compl. ¶¶ 41-54; *Mahoney v. AT&T* Compl. ¶¶ 41-54.)

(J.P.M.L. Apr. 18, 2001) (transfer ordered where "[a]ll actions are brought as class actions . . . and arise from the same factual milieu, namely the manufacture and marketing of allegedly defective heart valve and replacement products"); *In re America Online, Inc., Version 5.0 Software Litig.*, Docket No. 1341, 2000 U.S. Dist. LEXIS 13262 (J.P.M.L. June 2, 2000) (transfer ordered where class action plaintiffs alleged that AOL Version 5.0 conflicted with various types of non-AOL software); *In re Gen. Motors Corp. Type III Door Latch Prods. Liab. Litig.*, Docket No. 1266, 1999 U.S. Dist. LEXIS 5075, at *1-2 (J.P.M.L. Apr. 14, 1999) (transfer ordered where "the three actions in this litigation involve common questions of fact concerning allegations that the 'unmodified Type III door latches' on certain GM vehicles are defective and prone to failure"); *In re Chrysler Corp. Vehicle Paint Litig.*, Docket No. 1239, 1998 U.S. Dist. LEXIS 15675 (J.P.M.L. October 2, 1998) (transfer ordered where "the actions in this litigation involve common questions of fact concerning allegations by overlapping classes of defects in the paint of certain Chrysler vehicles that result in chipping, peeling and discoloration of the paint finish").

**2. The Cases Seek Certification of Overlapping Nationwide Classes.**

The case for transfer and coordination is particularly strong here because plaintiffs seek certification of not merely "parallel" class actions in various states but completely "overlapping" proposed classes purporting to join consumers from coast to coast. Fifteen of the 20 cases propose nationwide class actions on behalf of customers of residential telecommunications services provided by the defendants. Others involve single-state class allegations.[10] Another complaint involves a proposed multi-state class action.[11] Still another complaint is ambiguous,

---

[10] (*Connnor* Compl. ¶ 18; *Harrington* Compl. ¶ 17; *Terkel* Compl. ¶ 16.)

[11] (*Hines* Compl. ¶ 4.)

but could be read to encompass a request for nationwide class certification.[12] Such overlapping class actions almost by definition satisfy the requirements of § 1407. *See, e.g.*, *In re Jamster Mktg. Litig.*, No. 3:05-1915, 2006 WL 1023460 (J.P.M.L. Apr. 14, 2006) (ordering transfer where "[e]ach action is brought as a class action against overlapping defendants and is predicated on the same factual allegations"); *In re Hydrogen Peroxide Antitrust Litig.*, 374 F. Supp. 2d 1345, 1346 (J.P.M.L. 2005) (finding centralization warranted when "[e]ach of the actions now before the Panel is brought under the Sherman Act to recover for injuries sustained as a result of an alleged conspiracy engaged in by overlapping defendants to fix, raise, maintain, or stabilize prices for hydrogen peroxide and its downstream products sodium perborate and sodium percarbonate"); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 344 F. Supp. 2d 755, 756 (finding centralization warranted of five "overlapping putative class actions brought on behalf of purchasers of gasoline that contained high levels of sulfur in May 2004"); *In re Chrysler Corp. Vehicle Paint Litig.*, 1998 U.S. Dist. LEXIS 15675 (transfer ordered where "the actions in this litigation involve common questions of fact concerning allegations by overlapping classes of defects in the paint of certain Chrysler vehicles that result in chipping, peeling and discoloration of the paint finish"). Absent coordination, multiple federal courts will simultaneously be handling the same claims brought by the same classes of plaintiffs against the same defendants.

**3. There is No Warrant for Waiting for Additional Filings.**

The 20 putative class actions already on file plainly warrant transfer and coordination. This Panel has not hesitated to afford MDL treatment to litigation matters involving as few as two or three class actions to serve the interests and convenience and judicial economy.[13] This

---

[12] (*Mayer* Compl. ¶¶ 1, 33.)

[13] *See, e.g., In re LifeUSA Holdings, Inc. Annuity Contracts Sales Practices Litig.*, No. 1273, 1999 U.S. Dist. LEXIS 4918 (J.P.M.L. Apr. 7, 1999) (consolidating two actions) *In re the Hartford Sales Practices Litig.*, No. 1204, 1997 U.S. Dist. LEXIS 19671 (J.P.M.L. Dec. 8, 1997) (consolidating two actions); *In re Mountain States Tel. & Tel.*

litigation involves 19 purported class actions filed in the past 12 days. If the pending cases are transferred and coordinated, any later-filed lawsuits could be included as "tag-along" cases in the MDL proceeding. *See In re Gas Meter Antitrust Litig.*, 464 F. Supp. 391 (J.P.M.L. 1979) (major reason for the Panel's transfer order was the salutary effect of providing a ready forum for the inclusion of expected newly filed actions).

### C. Coordination Will Serve The Convenience Of Parties And Witnesses.

Coordination of these actions will also satisfy the second criterion of § 1407(a) – it will serve the "convenience of [the] parties and witnesses." As discussed in more detail above, the allegations in these cases implicate classified information. Without coordination, that information might have to be transported to multiple venues simply to support *in camera* and *ex parte* review in connection with the Government's likely intervention and invocation of the state secrets privilege. That would not be a matter of mere inconvenience, but a risk to national security. Further, the pretrial activities in these cases – starting with the likely litigation over the state-secrets privilege – almost certainly will overlap considerably. To the extent pretrial discovery is required, the defendants may be subjected to myriad duplicative discovery demands, and witnesses may be subjected to equally duplicative depositions. Absent coordination, unnecessary burdens will be imposed upon the courts, the parties, and the United States.

By contrast, centralization will avoid those grave risks and wasteful duplicative efforts. Because discovery has not yet been conducted, it can be efficiently coordinate from the start of any MDL proceeding by the transferee court. Transfer would thus "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial

---

*Co. Employees Benefit Litig.*, No. 798, 1989 U.S. Dist. LEXIS 13673 (J.P.M.L. Feb. 2, 1989) (consolidating two actions); *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979) (consolidating three actions); *In re California Armored Car Antitrust Litig.*, 476 F. Supp. 452, 454 (J.P.M.L. 1979) (consolidating three actions); *In re First Nat'l Bank*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (consolidating two actions); *In re E. Airlines,*

activities." *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981).

**D. Coordination Will Promote Just And Efficient Conduct Of The Actions.**

Coordination of the pending actions will also promote the third Section 1407(a) criterion – the just and efficient conduct of the actions.

**1. Coordination Will Prevent Conflicting Pretrial Rulings.**

Given the virtually identical factual allegations, theories of recovery, and proposed class definitions, pretrial activities such as motion practice will overlap substantially. As the United States has already explained in the *Hepting* case, a threshold question in this litigation is whether these cases may proceed at all, or whether they should instead be dismissed as a result of the Government's likely assertion of the "state-secret" privilege. Absent coordinated proceedings, that singular threshold issue involving national security will needlessly be decided by multiple federal judges across the country.

Moreover, additional motions and discovery will overlap considerably, risking inconsistent rulings by different district courts on the same issues. Transfer is thus warranted. *See, e.g.*, *In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, No. 1393, 2001 WL 253115, at *1 ("Motion practice and relevant discovery will overlap substantially in each action. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."); *In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.*, Docket No. 1396, 2001 U.S. Dist. LEXIS 5226, at *3 (J.P.M.L. Apr. 18, 2001) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent

---

*Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763 (J.P.M.L. 1975) (consolidating two actions); *In re Cross-Florida Barge Canal Litig.*, 329 F. Supp. 543 (J.P.M.L. 1971) (consolidating two actions).

pretrial rulings (especially with respect to questions of privilege issues, confidentiality issues and class certification), and conserve the resources of the parties, their counsel and the judiciary."); *In re Am. Online, Inc., Version 5.0 Software Litig.*, Docket No. 1341, 2000 U.S. Dist. LEXIS 13262, at *3-4 (J.P.M.L. June 2, 2000) (to same effect); *In re Gen. Motors Corp. Type III Door Latch Prods. Liab. Litig.*, Docket No. 1266, 1999 U.S. Dist. LEXIS 5075, at *2 (J.P.M.L. Apr. 14, 1999) (to same effect); *In re Chrysler Corp. Vehicle Paint Litig.*, Docket No. 1239, 1998 U.S. Dist. LEXIS 15675, at *2 (J.P.M.L. Oct. 2, 1998) (to same effect).

Plaintiffs in various cases have already begun rattling their sabers by suggesting that they will seek preliminary injunctive relief, raising the specter (absent coordination) that the defendants could possibly be subjected to competing injunctions entered in short order by various federal courts.[14] Coordination is needed to prevent inconsistent injunctive orders. *See In re Operation of the Mo. River Sys. Litig., 277 F. Supp. 2d 1378*, 1379 (J.P.M.L. 2003) (holding that MDL treatment was necessary to avoid inconsistent pretrial rulings "particularly with respect to requests for preliminary injunctive relief imposing or threatening to impose conflicting standards of conduct"); *In re General Motors Class E Stock Buyout Sec. Litig.*, 696 F. Supp. 1546, 1547 (J.P.M.L. 1988) ("The presence of common questions in *Hart* and MDL-720 is further illustrated by the overlapping injunctive relief sought in both proceedings. Transfer of *Hart* under Section 1407 is thus necessary to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.")

---

[14] *Bissit* Compl. Prayer for Relief; *Driscoll* Compl. Request for Relief; *Fuller* Compl. Request for Relief; *Mahoney* Compl. Request for Relief; *Dolberg* Compl. Request for Relief; *Harrington* Compl. ¶ 39; *Ludman* Compl. Request for Relief; *Mahoney v. AT&T* Compl. Request for Relief; *Schwarz* Compl. Prayer for Relief; *Souder* Compl. Request for Relief; *Trevino* Compl. Prayer for Relief; *Terkel* Compl. Prayer for Relief; *Phillips* Compl. Request for Relief; *Hepting* Compl. Prayer for Relief.

### 2. Transfer Will Facilitate Uniform Class Certification Decisions.

Because the purported class allegations in each of these cases are virtually identical, and the proposed classes overlap in significant respects, the arguments presented both for and against certification will presumably be similar. There is a danger of inconsistent rulings on class certification and other class action-related issues if these cases are not coordinated, not to mention unnecessary duplication of effort by the parties and the courts.

The Panel has "consistently held that transfer of actions under § 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists." *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975); *see also In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Prods. Liab. Litig.*, 2000 U.S. Dist. LEXIS 15926 (J.P.M.L. Oct. 24, 2000) ("Centralization under Section 1407 is thus necessary in order to . . . prevent inconsistent pretrial rulings (particularly with respect to overlapping class certification requests)"); *In re America Online, Inc., Version 5.0 Software Litig.*, 2000 U.S. Dist. LEXIS 13262 (same); *In re Temporamandibular TMJ Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (same); *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974) ("the existence of and the need to eliminate [the possibility of inconsistent class determinations] presents a highly persuasive reason favoring transfer under Section 1407"); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493 (J.P.M.L. 1968) (transfer necessary to avoid "pretrial chaos in conflicting class action determinations"); *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("[s]ection 1407 centralization is especially important to ensure consistent treatment of the class action issues"); *In re Mut. Fund Sales Anti-Trust Litig.*, 361 F. Supp. 638, 639-40 (J.P.M.L. 1973) ("we have frequently held that the possibility for conflicting class

determinations under [Fed. R. Civ. P. 23] is an important factor favoring transfer of all actions to a single district").

## II. THIS PANEL SHOULD TRANSFER THESE ACTIONS TO THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA.

Verizon respectfully recommends that this Panel transfer these cases to the United States District Court for the District of Columbia. Transfer of these cases there would maximize the benefits of coordination by serving the interests and convenience of the parties and the courts.

***First,*** the District Court for the District of Columbia already has three constituent actions pending before it -- more cases than are pending in any other district. Between them, the three cases name as defendants all three principal telecommunications carriers identified in the May 11, 2006 *USA Today* article: Verizon, AT&T, and BellSouth. MDL actions are commonly transferred to a forum where one or more actions is pending. *In re A.H. Robins Co. "Dalkon Shield" Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975).

***Second,*** the District of Columbia is the preferable forum for transfer because of the district court's and court of appeals' extensive experience with national security issues in past cases. It is no overstatement to suggest that both this District and Circuit are, given their proximity to the United States Government, uniquely experienced to handle this kind of case. *See, e.g., Bancoult v. McNamara*, No. 05-5049, 2006 U.S. App. LEXIS 10065 (D.C. Cir. Apr. 21, 2006) (suit under FTCA against the Government for setting up military base on Diego Garcia); *Bennett v. Chertoff*, 425 F.3d 999 (D.C. Cir. 2005) (Title VII suit against Defense Department arising out of termination after employee could not sustain security clearance); *Schneider v. Kissinger*, 412 F.3d 190 (D.C. Cir. 2005) (suit against Henry Kissinger for alleged torture acts committed against deceased Chilean general); *In re Grand Jury Subpoena (Miller)*, 397 F.3d 964 (D.C. Cir. 2005) (New York Times reporter refused to reveal source

notwithstanding Government's insistence that she do so on national security grounds); *ACLU v. FBI*, No. 05-1004, 2006 U.S. Dist. LEXIS 25290 (D.D.C. May 2, 2006) (addressing FOIA request in light of national-security exemption); *Millennium Pipeline Co., L.P. v. Gutierrez*, No. 04-233, 2006 U.S. Dist. LEXIS 14273 (D.D.C. Mar. 31, 2006) (discussing national security issues under Coastal Zone Management Act); *Adem v. Bush*, No. 05-00723, 2006 U.S. Dist. LEXIS 17070 (D.D.C. Mar. 14, 2006) (representation of prisoner at Guantanamo Bay); *AFGE v. Rumsfeld*, No. 05-2183, 2006 U.S. Dist. LEXIS 7068 (D.D.C. Feb. 27, 2006) (addressing national security justification for collective bargaining policy at Department of Defense); *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30 (D.D.C. 2006) (FOIA requests for information about domestic communications surveillance); *Leighton v. CIA*, 412 F. Supp. 2d 30 (D.D.C. 2006) (Privacy Act suit against CIA for publication of facts surrounding plaintiff's stripped security clearance following communication of classified information). Indeed, Judge Walton, to whom the three constituent cases pending in the District of Columbia have been assigned, has specific experience with both the state-secrets privilege and similar national security matters. *See Edmonds v. United States*, 323 F. Supp. 2d 65, (D.D.C. 2004); *United States v. Libby*, Criminal No. 05-394, 2006 U.S. Dist. LEXIS 24911 (D.D.C. May 3, 2006).

***Third***, although the Government is currently a defendant only in one of these actions, the complaints center on an alleged Government program.[15] Relevant information will likely be located in or near the District of Columbia, yet another reason to transfer the cases there. *See In re Salomon Bros. Treasury Sec. Litig.*, 796 F. Supp. 1537, 1538 (J.P.M.L. 1992) (designating as transferee court the district where the documents and witnesses relating to the defendant's

conduct were located); *In re Air Disaster at Denver*, 486 F. Supp. 241, 243 (J.P.M.L. 1980) (same); *In re Air Crash Disaster at Stapleton International Airport*, 447 F. Supp. 1071, 1073 (J.P.M.L. 1978) (same); *In re U. S. Financial Sec. Litig.*, 375 F. Supp. 1403, 1404 (J.P.M.L. 1978) (same). Further, given the Government's interest in the allegations of these complaints, as well as its actions in the *Hepting* case, it is also likely that the United States will intervene in these cases to protect national security interests. Accordingly, the Justice Department, which has already expressed a strong interest in this matter on behalf of the United States, will be well served by centralization in the District of Columbia.

***Fourth***, centralizing the cases in the District of Columbia will reduce the considerable logistical burdens associated with protecting classified information. For instance, in the *Hepting* proceeding, the classified affidavits supporting the Government's assertion of the state secret privilege must be flown to San Francisco for the court's review, and then flown back to the District of Columbia immediately after that review, because of the absence of suitable secure facilities in San Francisco. *See* Hearing Transcript, *Hepting*, No. 3:06-CV-0672-VRW, at 32 (D.D.C. May 17, 2006), attached hereto at Tab C. Absent coordination, the same cumbersome procedure might be necessary in a multitude of locations. It is logistically far superior to have any classified information reviewed *in camera* either in chambers or a suitable alternative in the District of Columbia, where secure facilities exist, than in a judicial district hundreds or thousands of miles away from the facilities housing the classified information. These cases involve matters of national security, and there is no warrant for potentially jeopardizing that

---

15 (*See, e.g., Bissitt* Compl. ¶ 2; *Driscoll* Compl. ¶¶ 2-5; *Fuller* Compl. ¶¶ 3-6; *Herron* Compl. ¶ 4; *Hines* Compl. ¶¶ 11-12; *Mahoney v. Verizon* Compl. ¶¶ 2-5; *Marck* Compl. ¶ 6; *Mayer* Compl. ¶¶ 7-8; *see also Dolberg* Compl. ¶¶ 3-6; *Harrington* Compl. ¶ 1; *Ludman* Compl. ¶¶ 2-5; *Mahoney v. AT&T* Compl. ¶¶ 2-5; *Phillips* Compl. ¶¶ 2-5; *Potter* Compl. ¶ 7; *Schwarz* Compl. ¶¶ 3-6; *Souder* Compl. ¶¶ 2-5; *Trevino* Compl. ¶¶ 2-4; *Terkel* Compl. ¶ 2.)

security by requiring classified information to be transported from one side of the country to the other.

***Fifth***, The District of Columbia has the capacity to give an MDL proceeding the necessary time and attention. Of the district courts where these cases have been filed, the District of Columbia had among the fewest pending cases on its docket per judge last year:

| **Dist.** | **Pending Cases 2005 (U.S. Rank)** |
|---|---|
| D.R.I. | 329 (70) |
| E.D.N.Y. | 622 (11) |
| S.D.N.Y. | 689 (10) |
| E.D. La. | 444 (32) |
| S.D. Tex. | 529 (18) |
| W.D. Tex. | 404 (42) |
| M.D. Tenn. | 391 (48) |
| N.D. Ill. | 360 (59) |
| D. Mont. | 401 (43) |
| D. Or. | 535 (16) |
| E.D. Cal. | 1060 (4) |
| N.D. Cal. | 468 (25) |
| S.D. Cal. | 256 (83) |
| D.D.C. | ***309 (76)*** |

Federal Court Management Statistics (2005) *at* http://www.uscourts.gov/fcmstat/index.html (emphasis added).

***Sixth***, the District of Columbia is a convenient forum for most of the parties, including the United States. Verizon and AT&T both maintain a significant corporate presence in the District of Columbia, making Washington D.C. a logical center of gravity for the defendants. Counsel for a number of parties are also present in the District of Columbia. Finally, and as noted above, the United States Government is likely to intervene in these cases, and the District of Columbia is obviously the most convenient forum for it.

## Conclusion

For all the foregoing reasons, the coordination of these overlapping putative class actions would further "the convenience of [the] parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Therefore, Verizon respectfully requests that this Panel enter an order transferring the actions listed in the accompanying Schedule of Actions to the United States District Court for the District of Columbia.

Dated: May 24, 2006

Respectfully submitted,

John H. Beisner
Brian D. Boyle
Thomas E. Donilon
Matthew M. Shors
O'MELVENY AND MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300 (phone)
(202) 383-5414 (fax)

John A. Rogovin
Randolph D. Moss
Samir Jain
Brian Boynton
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)

*Attorneys for Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc.*

RECEIVED
CLERK'S OFFICE

2006 MAY 24 P 3:08

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re NATIONAL SECURITY AGENCY LITIGATION | MDL Docket No. ____________ |

**VERIZON'S SCHEDULE OF NATIONAL SECURITY AGENCY ACTIONS FOR TRANSFER AND COORDINATION**

Pursuant to Rule 7.2(a)(ii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, defendants Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc. (collectively "Verizon") provide the following information on the actions that will be affected by their Motion for Transfer and Coordination Pursuant to 28 U.S.C. § 1407:

| Plaintiffs | Defendants | Division / City | Civil Action No. | Judge Assigned |
|---|---|---|---|---|
| **E.D. Cal.** | | | | |
| Greg Conner; Mark Boulet; Sergio Vasquez; James Bolich; Debra Bolich; Cheryl Scroggins; Melissa Scroggins; M. Diedre Wilten; Stephen M. Kampmann; Lloyd Brown; Claudia Salazar | AT&T; BellSouth; Verizon; Does 1 - 50 | Fresno | 1:06-at-00225 | None assigned yet. |
| **S.D. Cal.** | | | | |
| Shelly D. Souder | AT&T Corp.; AT&T Inc. | | 06 cv 1058 DMS AJB | The Honorable Dana M. Sabraw |
| **N.D. Cal.** | | | | |
| Tash Hepting; Gregory Hicks; Erik Knutzen | AT&T Corp.; AT&T, Inc.; Does 1 - 20 | | C 06 0672 | The Honorable Vaughn R. Walker |
| **D.D.C.** | | | | |
| David M. Driscoll, Jr.; Anne Brydon Taylor; Cory Brown | Verizon Communications, Inc. | | 06-cv-00916-RBW | The Honorable Reggie B. Walton |
| Harold Ludman | AT&T, Inc. | | 06-cv-00917-RBW | The Honorable Reggie B. Walton |
| Lawrence Phillips | BellSouth Corporation | | 06-cv-00918-RBW | The Honorable Reggie B. Walton |
| **N.D. Ill.** | | | | |
| Steven Schwarz; James Joll; Ramon Goggins | AT&T Corp.; AT&T Inc.; Does 1 - 20 | | 1:06-cv-0280 | The Honorable Matthew F. Kennelly |
| Studs Terkel; Barbara Flynn Curie; Diane C. Geraghty; Gary S. Gerson; James D. Montgomery; Quentin Young; American Civil Liberties Union of Illinois | AT&T Inc. | | 06C 2837 | The Honorable James B. Zagel |

| | | | | |
|---|---|---|---|---|
| **E.D. La.** | | | | |
| Tina Herron; Brandy Sergi | Verizon Global Networks, Inc.; AT&T Corp; American Telephone and Telegraph Company; BellSouth Communication Systems, LLC; BellSouth Telecommuncations, Inc. | | 06-2491 | The Honorable Jay C. Zainey |
| **D. Mont.** | | | | |
| Steve Dolberg | AT&T Corp., AT&T, Inc. | Missoula | CV-06-78-M-DWM | The Honorable Donald W. Molloy |
| Rhea Fuller | Verizon Communications, Inc.; Verizon Wireless, LLC | Missoula | CV-06-77-DWM | The Honorable Donald W. Molloy |
| **E.D.N.Y.** | | | | |
| Edward Marck; Carol Waltuch | Verizon Communications, Inc.; Does 1 - 10 | | CV-06 2455 | The Honorable Joseph F. Bianco |
| **S.D.N.Y.** | | | | |
| Carl J. Mayer; Bruce I. Afran | Verizon Communciations Inc.; National Security Agency; George W. Bush | | 06 cv 3650 | The Honorable Leonard B. Sand |
| **D. Or.** | | | | |
| Darryl Hines | Verizon Northwest, Inc. | | CV 06 694 | The Honorable Janice M. Stewart |

| | | | | |
|---|---|---|---|---|
| **D.R.I.** | | | | |
| Charles F. Bissitt, Sandra Bissit, George Hayek, III, June Matrumalo, Gerard Thibeault, Arthur Bouchard, Maryann Bouchard, Aldo Caparco, Janice Caparco, Jenna Caparco, Rose Deluca, Nicole Mirabella, Patricia Pothier, Paul Pothier, Marshall Votta, Vincent Matrumalo, Paula Matrumalo, Jennifer Thomas, Christine Douquette, Maryanne Klaczynski | Verizon Communications, Inc., BellSouth Corporation | | 06-220 | The Honorable William E. Smith |
| Pamela A. Mahoney | AT&T Communications, Inc. | | CA 06 223 | The Honorable Ernest C. Torres |
| Pamela A. Mahoney | Verizon Communications, Inc. | | CA 06 224 | The Honorable William E. Smith |
| **M.D. Tenn.** | | | | |
| Kathryn Potter | BellSouth Corp. | | 3 06*0469 | The Honorable William J. Haynes, Jr. |
| **S.D. Tex.** | | | | |
| Mary J. Trevino | AT&T Corp.; AT&T Inc. | Corpus Christi | 2:06-cv-00209 | The Honorable Hayden W. Head, Jr. |
| **W.D. Tex.** | | | | |
| James C. Harrington; Richard A. Grigg; Louis Black; The Austin Chronicle; Michael Kentor | AT&T, Inc. | Austin | A06CA374 LY | The Honorable Earl Leroy Yeakel III |

Dated: May 24, 2006

Respectfully submitted,

John H. Beisner
Brian D. Boyle
Thomas E. Donilon
Matthew M. Shors
O'MELVENY AND MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300 (phone)
(202) 383-5414 (fax)

John A. Rogovin
Randolph D. Moss
Samir Jain
Brian Boynton
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)

*Attorneys for Verizon Communications Inc., Verizon Global Networks Inc., and Verizon Northwest Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of Defendants Verizon Communcations Inc., Verizon Global Networks Inc., and Verizon Northwest Inc.'s Notice of Filing of Motion for Transfer and Coordination Pursuant to 28 U.S.C. § 1407 (with supporting memorandum and the exhibits thereto) have been delivered via first class mail to the clerk of the following federal district courts in which an action is pending that will be affected by this Motion, on this 24th day of May, 2006:

| | |
|---|---|
| The Honorable Donald S. Black<br>United States District Court for the Eastern District of California<br>Fresno Division<br>2500 Tulare St<br>Fresno, CA 93721 | The Honorable Dana M. Sabraw<br>United States District Court for the Southern District of California<br>United States Courthouse<br>940 Front Street<br>San Diego, CA 92101 |
| The Honorable Vaughn R. Walker<br>United States District Court for the Northern District of California<br>United States Courthouse<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | The Honorable Reggie B. Walton<br>United States District Court for the District of Columbia<br>United States Courthouse<br>333 Constitution Avenue, N.W.<br>Washington, D.C. 20001-2866 |
| The Honorable Matthew F. Kennelly<br>United States District Court for the Northern District of Illinois<br>Everett McKinley Dirksen Building<br>20th floor<br>219 South Dearborn Street<br>Chicago, Illinois 60604 | The Honorable James B. Zagel<br>United States District Court for the Northern District of Illinois<br>Everett McKinley Dirksen Building<br>20th floor<br>219 South Dearborn Street<br>Chicago, Illinois 60604 |
| The Honorable Jay C. Zainey<br>United States District Court for the Eastern District of Louisiana<br>500 Poydras Street<br>New Orleans, LA 70130 | The Honorable Donald W. Molloy<br>United States District Court for the District of Montana<br>Russell Smith Federal Building<br>201 East Broadway<br>Post Office Box 7309<br>Missoula, MT 59801 |
| The Honorable Joseph F. Bianco<br>United States District Court for the Eastern District of New York<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 | The Honorable Leonard B. Sand<br>United States District Court for the Southern District of New York<br>500 Pearl Street<br>New York, NY 10007 |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| The Honorable Janice M. Stewart<br>United States District Court for the District of Oregon<br>Mark O. Hatfield U.S. Courthouse<br>1000 S.W. Third Avenue<br>Portland, OR 97204-2902 | The Honorable William E. Smith<br>United States District Court for the District of Rhode Island<br>Federal Building and Courthouse<br>One Exchange Terrace<br>Providence, RI 02903 |
| The Honorable Ernest C. Torres<br>United States District Court for the District of Rhode Island<br>Federal Building and Courthouse<br>One Exchange Terrace<br>Providence, RI 02903 | The Honorable William J. Haynes, Jr.<br>United States District Court for the Middle District of Tennessee<br>United States Courthouse<br>801 Broadway<br>Nashville, TN 37203 |
| The Honorable Hayden W. Head, Jr.<br>United States District Court for the Southern District of Texas<br>1133 N Shoreline Blvd<br>Corpus Christi, TX 78401 | The Honorable Earl Leroy Yeakel III<br>United States District Court for the Western District of Texas<br>U.S. District Clerk's Office<br>200 West 8th St., Room 130<br>Austin, Texas 78701 |

I, the undersigned, certify that a copy of Defendants Verizon Communcations Inc., Verizon Global Networks Inc., and Verizon Northwest Inc.'s Motion for Transfer and Coordination Pursuant to 28 U.S.C. § 1407 (with supporting memorandum and the exhibits thereto) has been served via first class mail to the following plaintiff's counsel of record for all of the actions that will be affected by this motion, on this 24th day of May, 2006:

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Michael A. St. Pierre<br>REVENS REVENS & ST. PIERRE, PC<br>946 Centerville Road<br>Warwick, RI 02886<br>401-822-2900 (Telephone)<br>401-826-3246 (Fax)<br>*Attorney for Plaintiffs Charles F. Bissitt, Sandra Bissit, George Hayek, III, June Matrumalo, Gerard Thibeault, Arthur Bouchard, Maryann Bouchard, Aldo Caparco, Janice Caparco, Jenna Caparco, Rose Deluca, Nicole Mirabella, Patricia Pothier, Paul Pothier, Marshall Votta, Vincent Matrumalo, Paula Matrumalo, Jennifer Thomas, Christine Douquette, Maryanne Klaczynski* | Amato A. DeLuca<br>DELUCA & WEIZENBAUM, LTD.<br>199 North Main Street<br>Providence, RI 02903<br>401-453-1500 (Telephone)<br>401-453-1501 (Fax)<br>*Attorney for Plaintiffs Charles F. Bissitt, Sandra Bissit, George Hayek, III, June Matrumalo, Gerard Thibeault, Arthur Bouchard, Maryann Bouchard, Aldo Caparco, Janice Caparco, Jenna Caparco, Rose Deluca, Nicole Mirabella, Patricia Pothier, Paul Pothier, Marshall Votta, Vincent Matrumalo, Paula Matrumalo, Jennifer Thomas, Christine Douquette, Maryanne Klaczynski* |
| Nicholas "Butch" Wagner<br>Andrew B. Jones<br>Daniel M. Kopfman<br>LAW OFFICE OF WAGNER & JONES<br>1111 E. Herndon, Suite 317<br>Fresno, California 93720<br>559-449-1800<br>559-449-0749<br>*Attorneys for Plaintiffs Greg Conner; Mark Boulet; Sergio Vasquez; James Bolich; Debra Bolich; Cheryl Scroggins; Melissa Scroggins; M. Diedre Wilten; Stephen M. Kampmann; Lloyd Brown; Claudia Salazar* | Timothy M. Bechtold<br>William A. Rossbach<br>ROSSBACH HART BECHTOLD, P.C.<br>401 North Washington<br>P.O. Box 8988<br>Missoula, Montana 59807<br>406-543-5156<br>406-728-8878<br>*Attorneys for Plaintiffs Steve Dolberg; Rhea Fuller* |
| Marc R. Stanley<br>Roger L. Mandel<br>Martin Woodward<br>STANLEY, MANDEL & IOLA, LLP<br>3100 Monticello Avenue, Suite 750<br>Dallas, TX 75205<br>Telephone: 214-443-4300<br>Facsimile: 214-443-0358<br>*Attorneys for Plaintiffs Steve Dolberg; Rhea Fuller* | Gary E. Mason<br>THE MASON LAW FIRM, P.C.<br>1225 19th Street, NW<br>Suite 500<br>Washington, D.C. 20038<br>Telephone: 202-429-2290<br>Facsimile: 202-429-2294<br>*Attorney to Plaintiffs Harold Ludman; Pamela A. Mahoney; Lawrence Phillips* |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Alexander E. Barnett<br>THE MASON LAW FIRM, P.C.<br>One Pennsylvania Plaza<br>Suite 4632<br>New York, NY 10119<br>Telephone: 212-362-5770<br>Facsimile: 917-591-5227<br>*Attorney to Plaintiffs Harold Ludman; Pamela A. Mahoney; Lawrence Phillips* | Peter N. Wasylyk<br>LAW OFFICES OF PETER N. WASYLYK<br>1307 Chalkstone Avenue<br>Providence, RI 02908<br>Telephone: 401-831-7730<br>Facsimile: 401-861-6064<br>*Attorney to Plaintiffs Harold Ludman; Pamela A. Mahoney; Lawrence Phillips* |
| Andrew Kierstead<br>LAW OFFICES OF ANDREW KIERSTEAD<br>1001 S.W. 5th Ave., Suite 1100<br>Portland, OR 97204<br>Telephone: 508-224-6246<br>Facsimile: 508-224-4356<br>*Attorney to Plaintiffs Harold Ludman; Pamela A. Mahoney; Lawrence Phillips* | R. James George, Jr.<br>Douglas Brothers<br>GEORGE & BROTHERS, L.L.P.<br>1100 Norwood Tower<br>114 W. 7th Street<br>Austin, Texas 78701<br>Telephone: 512-495-1400<br>Facsimile: 512-499-0094<br>*Attorneys for Plaintiff James C. Harrington; Richard A. Grigg; Louis Black; The Austin Chronicle; Michael Kentor* |
| Cindy Cohn<br>Lee Tien<br>Kurt Opsahl<br>Kevin S. Bankston<br>Corynne McSherry<br>James S. Tyre<br>ELECTRONIC FRONTIER FOUNDATION<br>454 Shotwell Street<br>San Francisco, CA 94110<br>Telephone: 415-436-9333<br>Facsimile: 415-436-9993<br>*Attorneys for Tash Hepting; Gregory Hicks; Erik Knutzen* | Bert Voorhees<br>Theresa M. Traber<br>TRABER & VOORHEES<br>128 North Fair Oaks Avenue, Suite 204<br>Pasadena, CA 91103<br>Telephone: 626-585-9611<br>Facsimile: 626-577-7079<br>*Attorneys for Tash Hepting; Gregory Hicks; Erik Knutzen* |
| Reed R. Kathrein<br>Shana E. Scarlett<br>LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415-288-4545<br>Facsimile: 415-288-4534 | Val Patrick Exnicios<br>Amy Fontenot<br>LISKA, EXNICIOS & NUNGESSER<br>One Canal Place, Ste. 2290<br>365 Canal Street<br>New Orleans, LA 70130<br>Telephone: 504-410-9611<br>Facsimile: 504-410-9937<br>*Attorneys for Plaintiffs Tina Herron; Brandy Sergi* |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Conrad S.P. Williams<br>Joseph G. Jevic III<br>Melanie G. Lagarde<br>ST. MARTIN & WILLIAMS<br>P.O. Box 2017<br>Houma, Louisiana 70361<br>Telephone: 985-876-3891<br>*Attorneys for Plaintiffs Tina Herron; Brandy Sergi* | Anthony Irpino<br>365 Canal Street, Ste. 2290<br>New Orleans, LA 70130<br>504-525-1500<br>*Attorneys for Plaintiffs Tina Herron; Brandy Sergi* |
| Christopher A. Slater<br>Michael J. Ross<br>1850 Umpqua Bank Plaza<br>One S.W. Columbia Street<br>Portland, Oregon 97258<br>Telephone: 503-227-2024<br>Facsimile: 503-224-7299<br>*Attorney for Plaintiff Darryl Hines* | Marc R. Stanley<br>Roger L. Mandel<br>Martin Woodward<br>STANLEY, MANDEL & IOLA, LLP<br>3100 Monticello Avenue, Suite 750<br>Dallas, TX 75205<br>Telephone: 214-443-4300<br>Facsimile: 214-443-0358<br>*Attorneys to Plaintiff Pamela A. Mahoney* |
| Michael C. O'Malley, Esq.<br>SIBEN & SIBEN LLP<br>90 East Main Street<br>Bay Shore, NY 11706<br>631-665-3400<br>*Attorney to Plaintiffs Edward Marck; Carol Waltuch* | Carl J. Mayer<br>66 Witherspoon Street - Suite 414<br>Princeton, New Jersey 08542<br>609-921-0253<br>*Pro se Plaintiff* |
| Bruce I. Afran<br>10 Braeburn Drive<br>Princeton, New Jersey 08540<br>609-924-2075<br>*Pro se Plaintiff* | Matthew J. Piers<br>Patrick M. O'Brien<br>Joshua Karsh<br>HUGHES SOCOL PIERS RESNICK & DYM, LTD.<br>Three First National Plaza, Suite 4000<br>Chicago, Illinois 60602<br>Telephone: 312-580-0100<br>Facsimile: 312-580-1994<br>*Attorneys for Plaintiff Kathryn Potter* |
| C. David Briley<br>Tennessee PBR 18559<br>BRILEY LAW GROUP, PLLC<br>511 Union St., Ste. 1610<br>Nashville, IN 37219<br>Telephone: 615-986-2684<br>Facsimile: 615-986-7869<br>*Attorneys for Plaintiff Kathryn Potter* | STEVEN E. SCHWARZ<br>2461 W. Foster Ave., #1W<br>Chicago, IL 60625<br>*Pro se Plaintiff, and attorney for Plaintiffs James Joll; Ramon Goggins* |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Derek J. Emge<br>EMGE & ASSOCIATES<br>550 West C. Street, Suite 1600<br>San Diego, CA 92101<br>Telephone: 619-595-1400<br>Facsimile: 619-595-1480<br>*Attorneys for Plaintiff Shelly D. Souder* | Matthew J. Zevin<br>STANLEY MANDEL & IOLA LLP<br>550 West C Street, Suite 1600<br>San Diego, CA 92101<br>Telephone: 619-235-5306<br>Facsimile: 815-377-8419<br>*Attorneys for Plaintiff Shelly D. Souder* |
| Marc R. Stanley<br>Roger L. Mandel<br>Martin Woodward<br>STANLEY, MANDEL & IOLA, LLP<br>3100 Monticello Avenue, Suite 750<br>Dallas, TX 75205<br>Telephone: 214-443-4300<br>Facsimile: 214-443-0358<br>*Attorneys for Plaintiff Shelly D. Souder* | Harvey Grossman<br>Adam Schwartz<br>Wendy Park<br>ROGER BALDWIN FOUNDATION OF ACLU, INC.<br>180 North Michigan Avenue, Suite 2300<br>Chicago, Illinois 60601<br>312-201-9740<br>*Attorneys for Plaintiffs Studs Terkel; Barbara Flynn Curie; Diane C. Geraghty; Gary S. Gerson; James D. Montgomery; Quentin Young; American Civil Liberties Union of Illinois* |
| Marc O. Beem<br>Daniel M. Feeney<br>Zachary J. Freeman<br>MILLER SHAKMAN & BEEM LLP<br>180 North LaSalle Street, Suite 3600<br>Chicago, Illinois 60601<br>312-263-3700<br>*Attorneys for Plaintiffs Studs Terkel; Barbara Flynn Curie; Diane C. Geraghty; Gary S. Gerson; James D. Montgomery; Quentin Young; American Civil Liberties Union of Illinois* | William H. Hooks<br>HOOKS LAW OFFICES PC<br>29 South LaSalle Street, Suite 333<br>Chicago, Illinois 60603<br>312-553-5252<br>*Attorney for Plaintiffs Studs Terkel; Barbara Flynn Curie; Diane C. Geraghty; Gary S. Gerson; James D. Montgomery; Quentin Young; American Civil Liberties Union of Illinois* |
| Steven R. Shapiro<br>Ann Beeson<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, New York 10004<br>*Attorneys for Plaintiffs Studs Terkel; Barbara Flynn Curie; Diane C. Geraghty; Gary S. Gerson; James D. Montgomery; Quentin Young; American Civil Liberties Union of Illinois* | Robert C. Hilliard<br>719 S. Shoreline Boulevard, Suite 500<br>Corpus Christi, Texas 78401<br>Telephone: 361-882-1612<br>Telecopier: 361-882-3015<br>*Attorney for Plaintiff Mary J. Trevino* |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Kevin W. Grillo,<br>HILLIARD & MUÑOZ, L.L.P.<br>719 S. Shoreline Boulevard, Suite 500<br>Corpus Christi, Texas 78401<br>Telephone: 361-882-1612<br>Facsimile: 361-882-3015<br>*Attorneys for Plaintiff Mary J. Trevino* | Mikal C. Watts<br>Robert J. Patterson<br>WATTS LAW FIRM, L.L.P.<br>Tower II Building<br>555 N. Carancahua, Suite 1400<br>Corpus Christi, Texas 78478<br>Telephone: 361-887-0500<br>Facsimile: 361-887-0055<br>*Attorneys for Plaintiff Mary J. Trevino* |
| Darrell Barger<br>HARTINE, DACUS, BARGER, DREYER & KERN, LLP<br>One Shoreline Plaza<br>800 N. Shoreline Blvd., Suite 2000-North<br>Corpus Christi, Texas 78401<br>Telephone: 361-866-8009<br>Telecopier: 361-866-8039<br>*Attorney for Plaintiff Mary J. Trevino* | Edward M. Carstarphen<br>ELLIS, CARSTARPHEN, DOUGHERTY & GOLDENTHAL, P.C.<br>5847 San Felipe, Suite 1900<br>Houston, Texas 77057<br>Telephone: 713-647-6800<br>Telecopier: 713-647-6884<br>*Attorney for Plaintiff Mary J. Trevino* |

I, the undersigned, certify that a copy of Defendants Verizon Communcations Inc., Verizon Global Networks Inc., and Verizon Northwest Inc.'s Motion for Transfer and Coordination Pursuant to 28 U.S.C. § 1407 (with supporting memorandum and the exhibits thereto) has been served via first class mail (and through agreement) to the following defense counsel of record for all of the actions that will be affected by this motion, on this 24th day of May, 2006:

| | |
|---|---|
| Bradford A. Berenson<br>Sara J. Gourley<br>Susan A. Weber<br>Sidley & Austin LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>(202) 736-8971<br>(202) 736-8711<br>*Attorney to Defendants AT&T Corp.; AT&T Inc.; AT&T Communications Inc.* | Jane F. Thorpe<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>(404) 881-7822<br>(404) 881-7777<br>*Attorney to Defendants BellSouth Corp.* |

# CERTIFICATE OF SERVICE

/Matthew Shors/ [signature]

Matthew Shors