# EXHIBIT 1

MDL 1791

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 9 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1791*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

*TRANSFER ORDER*

PLEADING NO. 51

This litigation currently consists of seventeen actions listed on the attached Schedule A and pending in thirteen districts as follows: three actions in the District of Rhode Island; two actions each in the Northern District of Illinois and the District of Montana; and one action each in the Eastern, Northern and Southern Districts of California, the Eastern District of Louisiana, the Eastern and Southern Districts of New York, the District of Oregon, the Middle District of Tennessee, and the Southern and Western Districts of Texas.[1] Defendant Verizon Communications Inc. and two of its affiliates move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing the MDL-1791 actions in the District of District of Columbia. In the filed responses to the motion, plaintiffs in four actions opposed inclusion of their actions in any Section 1407 centralization, and plaintiffs in a potential tag-along action favored separate centralization of what they identified as two distinct subsets of actions encompassed in the motion before the Panel and in the list of various actions that have been identified as potential tag-along actions. All other respondents supported transfer, differing among themselves only with respect to selection of the transferee district. Defendants AT&T Corp., BellSouth Corp. (and two of its affiliates), and the United States joined the movants in supporting selection of the District of District of Columbia as transferee district. The responding plaintiffs who supported transfer offered

---

*Judges Motz and Miller took no part in the decision of this matter.

[1]The Section 1407 motion, as originally filed, also pertained to three additional actions that were then pending in the District of District of Columbia. Subsequently the plaintiffs in those three actions voluntarily dismissed their complaints, thus mooting the question of Section 1407 transfer with respect to those actions. Additionally, parties have notified the Panel of 26 potentially related actions recently filed in eighteen districts as follows: four actions each in the Northern District of California and the Southern District of New York; two actions each in the Northern District of Georgia and the Southern District of Indiana; and one action each in the Southern District of Florida, the District of Hawaii, the Northern District of Illinois, the Western District of Kentucky, the Eastern District of Louisiana, the Eastern and Western Districts of Michigan, the Eastern District of Missouri, the District of New Jersey, the Eastern District of New York, the District of Oregon, the Eastern District of Pennsylvania, the Western District of Texas, and the Western District of Washington. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions in accordance with Panel and local court rules. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

OFFICIAL FILE COPY IMAGED AUG - 9 2006

an array of other forum choices: the Northern District of California, the Northern District of Illinois, the Eastern District of Louisiana, the Southern District of New York, and the District of Rhode Island. By the time of the Panel's hearing session, most responding plaintiffs were in agreement that the Northern District of California should be selected as the transferee forum if the Panel ordered centralization in this docket.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are purported class actions sharing factual and legal questions regarding alleged Government surveillance of telecommunications activity and the participation in (or cooperation with) that surveillance by individual telecommunications companies. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to matters involving national security), and conserve the resources of the parties, their counsel and the judiciary.

Some parties oppose transfer because they view their actions to be more narrowly drawn (such as with respect to breadth of defendants, nature of alleged improper conduct, range of legal theories, or type of relief sought) than other MDL-1791 actions, and they thus seek to avoid entanglement in a litigation which they deem to be broader in scope. Transfer under Section 1407, however, does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Here, Section 1407 transfer will have the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to a just and expeditious resolution of the actions to the benefit of not just some but all of the litigation's parties. As Section 1407 proceedings evolve in the transferee district, these parties may at some point wish to renew their arguments that the uniqueness or simplicity of their actions renders continued inclusion of those actions in MDL-1791 unnecessary or inadvisable. They then will be free to approach the transferee judge for a suggestion of remand, and whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

We conclude that the Northern District of California is an appropriate transferee forum in this docket because the district is where the first filed and significantly more advanced action is pending before a judge already well versed in the issues presented by the litigation. One of the Government's key arguments for centralization in this docket is its contention that, because of security concerns associated with the production of highly classified information, a framework should be created whereby a single transferee court (rather than the multiple courts where MDL-1791 actions and potential tag-along actions are now pending) would be charged with the task of reviewing any classified information that might need to be produced in connection with the plaintiffs' claims and the Government's assertion

of the state secret defense. In that regard, the California district is one of the two districts in this litigation where a court has already established and utilized a procedure for reviewing classified information that the Government deems necessary to decide its state secret claim. On the other hand, the District of District of Columbia, which is the forum choice of the movants, the Government and other responding defendants, is a district where no constituent MDL-1791 action is now pending. Centralization in the District of Columbia forum would thus require the very duplication and expansion of access to classified information that the Government deems to be so perilous.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vaughn R. Walker for coordinated or consolidated pretrial proceedings with the action on Schedule A and pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1791 -- In re National Security Agency Telecommunications Records Litigation

Eastern District of California

*Greg Conner, et al. v. AT&T Corp., et al.*, C.A. No. 1:06-632

Northern District of California

*Tash Hepting, et al. v. AT&T Corp., et al.*, C.A. No. 3:06-672

Southern District of California

*Shelly D. Souder v. AT&T Corp., et al.*, C.A. No. 3:06-1058

Northern District of Illinois

*Steven Schwarz, et al. v. AT&T Corp., et al.*, C.A. No. 1:06-2680
*Studs Terkel, et al. v. AT&T Inc.*, C.A. No. 1:06-2837

Eastern District of Louisiana

*Tina Herron, et al. v. Verizon Global Networks, Inc., et al.*, C.A. No. 2:06-2491

District of Montana

*Rhea Fuller v. Verizon Communications, Inc., et al.*, C.A. No. 9:06-77
*Steve Dolberg v. AT&T Corp., et al.*, C.A. No. 9:06-78

Eastern District of New York

*Edward Marck, et al. v. Verizon Communications, Inc.*, C.A. No. 2:06-2455

Southern District of New York

*Carl J. Mayer, et al. v. Verizon Communications Inc., et al.*, C.A. No. 1:06-3650

District of Oregon

*Darryl Hines v. Verizon Northwest, Inc.*, C.A. No. 3:06-694

**MDL-1791 Schedule A (Continued)**

District of Rhode Island

*Charles F. Bissit, et al. v. Verizon Communications, Inc., et al.*, C.A. No. 1:06-220
*Pamela A. Mahoney v. AT&T Communications, Inc.*, C.A. No. 1:06-223
*Pamela A. Mahoney v. Verizon Communications, Inc.*, C.A. No. 1:06-224

Middle District of Tennessee

*Kathryn Potter v. BellSouth Corp.*, C.A. No. 3:06-469

Southern District of Texas

*Mary J. Trevino, et al. v. AT&T Corp., et al.*, C.A. No. 2:06-209

Western District of Texas

*James C. Harrington, et al. v. AT&T Inc.*, C.A. No. 1:06-374